UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO A. DIONES,<br><br>Petitioner,<br><br>v.<br><br>JAMES R. BRANDLIN,<br><br>Respondent. | Case No. CV 19-3987 JVS(JC)<br><br>ORDER DISMISSING PETITION AND ACTION WITHOUT PREJUDICE AND DIRECTING CLERK TO ENTER JUDGMENT ACCORDINGLY |

## I. BACKGROUND AND SUMMARY

On May 7, 2019, petitioner Leonardo A. Diones, a prisoner in state custody who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Petition") challenging a judgment in Los Angeles County Superior Court Case No. YA092684. On May 15, 2019, petitioner filed a Notice of Submission of Voluminous Exhibits/Documents by Mail ("Notice").

On June 7, 2019, the court issued an Order to Show Cause Why Petition Should Not Be Dismissed ("OSC"), identifying multiple deficiencies in the Petition and directing petitioner to show good cause by not later than June 27,

///

///

2019, why the Petition should not be dismissed based upon such deficiencies.[1] More specifically, the OSC explained that the Petition failed to name a proper respondent and failed to state any federal constitutional claim. The OSC further advised petitioner that petitioner's filing of a first amended petition for writ of habeas corpus which cures the above-referenced deficiencies by the foregoing deadline would be a sufficient response to the OSC. The OSC also cautioned petitioner that the failure timely to respond thereto or to show cause may result in the dismissal of the Petition and/or this action.

Petitioner's June 27, 2019 deadline to file a response to the OSC expired more than two weeks ago. To date, petitioner has not filed such a response. Nor has petitioner otherwise communicated with the court since the filing of the Notice.

In light of the foregoing, and as further explained below, the Petition and this action are dismissed without prejudice.

## II. DISCUSSION

As explained in the OSC and discussed below, the Petition is deficient in multiple respects.

First, petitioner fails to name a proper respondent and instead names James R. Brandlin, Judicial Officer of the Superior Court of California as the respondent. The appropriate respondent is petitioner's immediate custodian (*i.e.*, the prison warden at the facility where he is currently housed). See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004); see also 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto. The failure to name the correct respondent destroys

///

---

[1] Rule 4 of 28 U.S.C. § 2254 provides: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

personal jurisdiction.  See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

Second, pursuant to 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States.  Here, none of petitioner's claims are framed as federal constitutional claims and, although afforded an opportunity to attempt to frame his claims as such, he has not done so.  Accordingly, his claims are not cognizable on federal habeas review.

Since petitioner has been afforded an opportunity to show good cause as to why the Petition should not be dismissed on the foregoing bases and to cure such deficiencies and has not done so, dismissal of the Petition and this action on both of the foregoing bases, individually and collectively, is appropriate.

**III.  ORDER**

IT IS THEREFORE ORDERED that the Petition and this action are dismissed without prejudice and that the Clerk enter judgment accordingly.

IT IS SO ORDERED.

DATED: July 18, 2019

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE